a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

BRIAN T OWEN #42435-511,                         CIVIL DOCKET NO. 1:26-CV-00320
Petitioner                                                                              SEC P

VERSUS                                                           JUDGE TERRY A. DOUGHTY

WARDEN F C I POLLOCK,                     MAGISTRATE JUDGE PEREZ-MONTES
Respondents

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Brian T. Owen ("Owen"), a prisoner at the Federal Correctional Institution in Pollock, Louisiana. Owen asks to be transferred to a Residential Reentry Center.

Because Owen has not yet exhausted administrative remedies, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Owen alleges that he is serving a 30-month sentence, which began when he self-surrendered on July 21, 2025. ECF No. 4-1 at 2. Owen asserts that his full-term release date should be calculated at January 11, 2027, so he should have been placed in a residential reentry center on January 11, 2026. *Id.*

II.    Law and Analysis

A federal prisoner seeking § 2241 relief "must first exhaust [his] administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th

1

Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (internal quotation marks omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

The Bureau of Prisons provides a four-step administrative remedy process through which prisoners can present a complaint, including: "(1) informal resolution of the issue with prison staff, submitted on form BP 8; (2) a formal administrative remedy request to the Warden, submitted on form BP-9; (3) an appeal to the Regional Director, submitted on form BP-10; and (4) a national appeal to the Office of General Counsel in Washington, D.C., submitted on form BP-11." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (citing 28 C.F.R. §§ 542.13-15). Failure to exhaust administrative remedies is only excused if the "remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (internal quotation marks omitted).

Owen alleges that exhaustion would be futile. But to the extent Owen alleges that his sentence was improperly calculated, and the correct full-term date is January 11, 2027—a date that has not yet passed—exhaustion is not futile. Owen has sufficient time and opportunity to present that claim to the Bureau of Prisons.

Owen also alleges that exhaustion would be futile because, per his calculations, he should have already been transferred to a residential reentry center. But Owen has no constitutional right to be transferred to a residential reentry center on a

2

specific date. *See McLean v. Rivers*, 3:23-cv-1750, 2024 WL 665858, at *2 (N.D. Tex. Jan. 26, 2024), *report and recommendation adopted*, 2024 WL 666070 (N.D. Tex. Feb. 15, 2024) ("The decision whether – and, if so, for how long – to place an inmate in a residential reentry center ("RRC")—a halfway house—is committed to the BOP under statutory authority.") (citations and quotations omitted).  And the First Step Act did not alter this statutory authority.  *See id.* (citations omitted).  Therefore, even if exhausted, this claim would be subject to dismissal.

## III.    Conclusion

Because Owen has not exhausted administrative remedies, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 4) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 12, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE